UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARDS FIELDS,

        Petitioner,               Case No. 1:00-cv-892

v.

                                            Honorable Janet T. Neff[1]

DAVID GUNDY,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On January 2, 2001, the Court dismissed Petitioner's action for failure to exhaust his state court remedies. This matter now is before the Court upon Petitioner's motion for relief from judgment brought pursuant to FED. R. CIV. P. 60(b)(6) (docket #6) and his motion for leave to proceed *in forma pauperis* (docket #9). For the reasons set forth below, Petitioner's motions will be denied.

## Procedural History

Petitioner is incarcerated in the Lakeland Correctional Facility. After a jury trial, Petitioner was convicted in Ingham County Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and first-degree home invasion, MICH. COMP. LAWS § 750.110(a)(2). On January 9, 1998, he was sentenced to concurrent prison terms of 25 to 50 years, 80 to 120 months, and 160 to 240 months, respectively.

---

[1]This case originally was assigned to the late Judge Douglas W. Hillman. Pursuant to Administrative Order No. 09-019, Judge Hillman's cases were reassigned to the Honorable Janet T. Neff.

Petitioner raised three issues in his direct appeal. First, he claimed that the trial court committed error requiring reversal by allowing Petitioner to represent himself for approximately thirty minutes during the beginning of jury voir dire. Second, Petitioner alleged that the trial court should have granted his motion for a mistrial based on his outburst during jury voir dire and based on the accompanying comments directed to the trial judge by two spectators, one of whom stated, "[y]ou [sic] a racist, man," and both of whom informed the court that defendant "[h]ad a problem." Third, Petitioner claimed that the trial court committed error requiring reversal when he failed to *sua sponte* excuse a juror who expressed some concern about her ability to be fair. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on February 15, 2000.

Petitioner attempted to file a delayed application for leave to appeal in the Michigan Supreme Court, but the supreme court rejected Petitioner's application for leave to appeal because it was filed more than fifty-six days after the decision of the Michigan Court of Appeals in violation of Mich. Ct. R. 7.302(C)(3).

On December 5, 2000, Petitioner filed a writ of habeas corpus in this Court raising one ground for relief. He claimed that he was incompetent to stand trial and the trial court refused to hold a competency hearing. In an opinion dated January 2, 2001, this Court held that Petitioner failed to satisfy the exhaustion requirement because his claim was not fairly presented in the Michigan Court of Appeals or the Michigan Supreme Court. The Court's opinion stated that the petition was dismissed *without prejudice* for lack of exhaustion and that Petitioner could raise his unexhausted claim in a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* In the Court's judgment, however, the Court erroneously stated that Petitioner's application for habeas relief was dismissed *with prejudice*. Petitioner did not appeal the Court's decision, nor did he file

-2-

any type of post-judgment motion challenging the Court's determination or seeking clarification regarding whether his case was dismissed with or without prejudice.

On July 20, 2001, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court raising the competency issue. The court denied his motion on February 11, 2003. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on July 15, 2004, and Petitioner's motions for reconsideration on August 25, 2004 and December 10, 2004. the Michigan Supreme Court subsequently denied his application for leave to appeal on September 28, 2005.

Petitioner filed a second habeas petition on or about January 6, 2006, raising four grounds for habeas relief. *See Fields v. Palmer*, No. 5:06-cv-9 (W.D. Mich.). On February 27, 2006, the Magistrate Judge issued a report and recommendation to dismiss the petition because it was barred by the statute of limitations. The Magistrate Judge concluded that Petitioner was not entitled to equitable tolling of the statute of limitations due to his alleged mental illness or as a result of any confusion caused by the clerical error in the Court's judgment in this case indicating that the dismissal for lack of exhaustion was with prejudice. The District Judge issued an order on April 5, 2006, adopting the report and recommendation over Petitioner's objections and dismissing the petition as time-barred.

After this Court denied Petitioner a certificate of appealability, he sought a certificate of appealability in the Sixth Circuit. *See Fields v. Palmer*, No. 06-1932 (6th Cir.). By order issued on November 17, 2006, the Sixth Circuit denied Petitioner a certificate of appealability. The Sixth Circuit denied Petitioner's motion for rehearing on January 26, 2007.

Petitioner attempted to file an application for writ of certiori in the United States Supreme Court, but it was rejected as untimely by letter dated May 2, 2007. Petitioner subsequently

petitioned the United States Supreme Court for an extraordinary writ of mandamus, which was rejected by letter dated February 12, 2008.

In the instant motion for relief from judgment, Petitioner argues that the Court erred in dismissing his original petition for lack of exhaustion. He contends that he exhausted his claim on direct appeal in the Michigan Court of Appeals by way of a *pro se* motion to remand. Petitioner further argues that the Court erred by not providing him with the opportunity to prove that his application for leave to appeal in the Michigan Supreme Court was untimely due to the failure of prison officials to make photocopies in a timely manner. In addition, Petitioner asserts that the Court "mislead" him as to the steps he should take to preserve his claim.

### Discussion

I. **Motion for Relief from Judgment**

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Petitioner's motion specifies subsection (6).[2]

---

[2] A Rule 60(b) motion that "merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as *failure to exhaust*, procedural default, or statute-of-limitations bar," is not considered a "second or successive" habeas petition. *See Gonzales v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (emphasis added). Because Petitioner's 60(b) motion is challenging only the Court's decision dismissing his petition for lack of exhaustion, the Court will not construe is motion as a second or successive petition.

Motions brought pursuant to 60(b)(4), (5) and (6) must be made "within a reasonable time," a limit determined on a case-by-case basis by the length and circumstances of the delay in filing, prejudice to the opposing party, and any circumstances warranting equitable relief. *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990); FED. R. CIV. P. 60(c)(1). In this case, Petitioner brought his motion for relief from judgment eight years after his petition was dismissed by this Court. Petitioner does not provide any explanation whatsoever for the long delay in bringing this motion. He did not file any previous post-judgment motions in this case and did not appeal the dismissal of this action in the Sixth Circuit. The Sixth Circuit has held that motions filed pursuant to Rule 60(b)(4), (5) and (6) are untimely where more than three years have passed between the time the motion was filed and judgment was entered. *See U.S. v. Dailide*, 316 F.3d 611, 618 (6th Cir. 2003) (four years); *Blachy v. Butcher*, No. 03-2079, 2005 WL 843905, at *5 (6th Cir. Apr. 12, 2005) (three years); *Ohio Cas. Ins. Co. v. Pulliam,* No. 96-6522, 1999 WL 455336, at *3-4 (6th Cir. June 23, 1999) (three years). In light of the excessive delay in filing the motion, the Court cannot find that it was filed within a reasonable time.

Even if Petitioner had brought his motion within a reasonable time, it is without merit because the petition was properly dismissed by the Court for lack of exhaustion. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the

state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner contends that he presented his competency claim in the Michigan Court of Appeals by way of a *pro se* motion to remand. However, the Michigan Court of Appeals only will consider on appeal those claims included in the statement of questions involved section of the appellate brief. *See* MICH. CT. R. 7.212(C)(5); *see also Lansing v. Hartsuff*, 539 N.W.2d 781, 787 (Mich. Ct. App. 1995) (An issue is not preserved for appellate review unless it is raised in the statement of questions involved); *People v. Mackle*, 617 N.W.2d 339, 350 n.4 (Mich. Ct. App. 2000) (issue that was not included in the "statement of questions involved" section of the defendant's brief on appeal is waived and not subject to appellate review). Petitioner clearly did not include the competency claim in the statement of questions involved section of his appellate brief. When a petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994). Accordingly, the Court correctly concluded that Petitioner failed to exhaust his claim in the Michigan Court of Appeals.

Assuming Petitioner had fairly presented his competency claim in the Michigan Court of Appeals, he still failed to present it in the Michigan Supreme Court. As discussed above, Petitioner's application for leave to appeal in the Michigan Supreme Court was rejected as untimely. Petitioner argues that this Court erred by not providing him with the opportunity to prove that his application for leave to appeal in the Michigan Supreme Court was untimely due to the failure of

prison officials to make photocopies in a timely manner. In other words, Petitioner claims that he should have the opportunity to show good cause for his failure to exhaust his claim in the Michigan Supreme Court. However, so long as a petitioner had an available state-court remedy, the exhaustion requirement is not satisfied and the statute does not provide an exception for good cause. *See* 28 U.S.C. 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") If Petitioner did not have an available remedy in the state courts at the time he filed his petition, his claim would have been procedurally defaulted and he would have been required to show cause and prejudice for his default. Because Petitioner had an available state-court remedy when he filed his petition, the Court properly dismissed Petitioner's action without prejudice so that he could pursue his claim in the state courts.

Finally, Petitioner claims that the Court "misled" him as to the steps he should take to preserve his claim. Petitioner, however, does not explain how the Court misled him. The Court's opinion stated that Petitioner could present his claim in a motion for relief from judgment. The opinion did not provide any specific directions or time-line for Petitioner to follow for purposes of exhausting his claim and returning to federal court. At the time this action was dismissed on January 2, 2001, Petitioner had ninety-nine days before the statute of limitations expired on April 11, 2001. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), decided the following year, the Sixth Circuit held that when the dismissal of a "mixed"[3] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion

---

[3] A "mixed petition is a petition that contains both exhausted and unexhausted claims.

for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[4] Applying *Palmer* in this case, Petitioner had more than sixty days remaining in the limitations period, and, thus, was not in danger of running afoul of the statute of limitations so long as he diligently pursued his state court remedies. Petitioner waited six months, until July 20, 2001, to file his motion for relief from judgment. Because he failed to diligently pursue his remedies in state court, the statute of limitations expired.

II. **Motion to Proceed *In Forma Pauperis***

Petitioner also moves for leave to proceed *in forma pauperis* in conjunction with the filing of his motion for relief from judgment. Because Petitioner's motion was filed in an existing habeas corpus action, he is not required to pay a new filing fee for a habeas corpus action. Consequently, Petitioner's motion for leave to proceed *in forma pauperis* will be denied as moot.

**Conclusion**

In light of the foregoing, the Court will deny Petitioner's motion for relief from judgment (docket #6) and his motion for leave to proceed *in forma pauperis* (docket #9).

An Order consistent with this Opinion will be entered.


Dated: April 14, 2009          /s/ Janet T. Neff
                               Janet T. Neff
                               United States District Judge

---

[4] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).